William Royce NEWSOM, Appellant,

v.

The STATE of Texas, Appellee.

No. 35895.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Dec. 11, 1963.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appellant waived a jury and pleaded nolo contendere to the indictment charging him with driving a motor vehicle upon a public highway in Howard County while intoxicated, and alleging that he had been previously convicted of the misdemeanor offense of driving while intoxicated in County Court at Law No. 2 of Lubbock County. Punishment was assessed at a fine of $250.00.

State's witness John R. Smith, State Highway Patrolman, testified that he stopped the appellant who was driving a pickup pulling a cattle trailer, partly on the road and partly off. He testified that he observed the appellant's appearance, demeanor and the way he walked and talked and handled himself and formed the opinion that he was intoxicated.

The state offered in evidence the complaint, information and judgment in the misdemeanor conviction alleged in the indictment. The jurisdiction of County Court at Law No. 2 of Lubbock County to try the case and enter the judgment of conviction is the controlling question on the appeal.

County Court at Law No. 2 of Lubbock County was created in 1957 by Act of the 55th Legislature, p. 227, ch. 109. This Act (Art. 1970–340.1 V.A.C.S.) refers to the existing County Court at Law as "County Court at Law No. 1 of Lubbock County"; provides that the two courts shall have concurrent jurisdiction, and that cases may be transferred by the respective judges from one court to the other.

The record shows that the prosecution began by the filing of a complaint and the presentment of an information in County Court at Law of Lubbock County on October 2, 1958.

■ Any complaint of irregularity in the transfer of the case from the court where it was filed to County Court at Law No. 2, where it was tried, should have been entered before announcing for trial in said County Court at Law No. 2. Torres v. State, 161 Tex.Cr.R. 480, 278 S.W.2d 853; Bell v. State, 170 Tex.Cr.R. 508, 342 S.W.2d 444.

It is appellant's contention that the County Court at Law of Lubbock County, where the complaint was filed, did not in law exist because the act creating it provided that the court "shall be known as the County Court of Lubbock County at Law," and not the "County Court at Law of Lubbock County."

An examination of the 1950 statute (Acts 51st Leg., 1st C.S.1950, p. 74, ch. 16, now Art. 1970–340 V.A.C.S.) reveals that the court created is referred to in the Caption and in various sections of the act other than Section 1 as the "County Court at Law of Lubbock County." Section 9 provides for the election of a judge of the County Court at Law. Section 10 provides that the County Attorney of Lubbock County shall represent the State in all prosecutions in said County Court at Law of Lubbock County. Section 17 provides that the County Clerk of Lubbock County shall be the Clerk of the County Court at Law of Lubbock County, and that the seal of said court shall contain the words "County Court at Law of Lubbock County".

If the 1950 act created any court it was necessarily the County Court at Law of Lubbock County mentioned in the caption and the various sections relating to the judge, the clerk and the jurisdiction of the court created.

■ The rule is that in construing a statute its subject matter, reason and effect

must be looked to and when a literal enforcement would lead to consequences which the legislature could not have contemplated, the courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed. Baldridge v. State, 167 Tex.Cr.R. 519, 321 S.W.2d 309, and cases cited.

Also it is the rule that a statute susceptible of more than one construction will be so interpreted as to secure the benefit intended; will best effect the legislative intent and so that it will be constitutional and valid. Baldridge v. State, supra; 39 Tex.Jur. p. 205, 206.

We do not agree that the prior conviction for the misdemeanor offense was void or that the court in which it was first filed had no legal existence.

The judgment is affirmed.