Aziz **ALOBAIDI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40918.

Court of Criminal Appeals of Texas.

April 3, 1968.

Rehearing Denied May 29, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 313.

Marvin O. Teague, Houston, (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Charles E. Bonney, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The conviction is for violation of Art. 476 Vernon's Ann.P.C. with punishment assessed at 182 days in jail.

The complaint and information were drawn under the portion of the statute which provides:

"Whoever * * * uses any telephone in any manner with intent to harass, annoy, torment, abuse, threaten or intimidate another, except if such call be for a lawful business purpose, shall be guilty ·of a misdemeanor, and upon conviction shall be fined not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00) or by imprisonment in the county jail for not less than one (1) month nor more than twelve (12) months, or by both such fine and imprisonment."

Appellant's ground of error No. 1 is: "The statute under which the defendant stands charged is unconstitutional as it violates the Due Process and the Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States of America."

■ Appellant's complaint, in essence, is that because of the exception, to-wit: *"except if such call be for a lawful business purpose,"* the statute is unconstitutional in that it would permit a person to use vulgar, obscene or indecent language over or through any telephone or use a telephone in any manner with the intent to harass, annoy, torment, abuse, threaten or intimidate another if such call was for a lawful business purpose.

Appellant concedes that if the Legislature had omitted the phrase "except if such call be for a lawful business purpose" his complaint that the statute is unconstitutional "would be for naught."

■ We do not agree with appellant's contention that the exception of calls for a lawful business purpose applies also to the reenacted portion of Art. 476 which makes it unlawful to use any vulgar, profane, obscene, or indecent language over or through any telephone.

As we construe the statute, it was the intent of the Legislature that the portion which made it an offense to use a telephone in any manner with intent to harass, annoy, torment, abuse, threaten or intimidate another would not apply to telephone calls

for a lawful business purpose, but to any other use of the telephone, a system or process for transmission of sound or speech, in any manner with intent to harass, annoy, torment, abuse, threaten or intimidate another.

The exception makes plain the intent of the Legislature that the added portion of the statute should apply in all cases not excepted, and the act, including the severance clause and the emergency clause, makes clear the intent of the Legislature as we have construed it.[1]

■ A statute susceptible of more than one construction will be so interpreted as to secure the benefit intended, will best effect the legislative intent, and so that it will be constitutional. Newsom v. State, Tex.Cr.App., 372 S.W.2d 681; Baldridge v. State, 167 Tex.Cr.R. 519, 321 S.W.2d 309; Carter v. State, 135 Tex.Cr.R. 457, 116 S.W.2d 371.

■ In determining whether there is a reasonable basis for excluding telephone calls for a lawful business purpose, the presumption is that the Legislature has not violated the constitution and the statute will be upheld unless it appears without doubt that the exception has no reasonable basis for support. See Patterson v. City of Dallas, Tex.Civ.App., 355 S.W.2d 838; State v. Richards, 157 Tex. 166, 301 S.W. 2d 597; Ex parte Rubin, Tex.Cr.App., 362 S.W.2d 331.

There is ample basis for the exclusion of telephone calls made for a lawful business

purpose in making it unlawful to use a telephone in any manner to harass, annoy, torment, abuse, threaten or intimidate. The exception is not designed to except any person or class of persons, but to except all persons if the call is for a lawful business purpose, whether it be the leading business man of the community concerning an important contract, or a housewife inquiring about the failure of the newsboy to deliver a newspaper.

Appellant's ground of error No. 1 is overruled.

■ Appellant's ground of error No. 2 is: "The complaint and information are defective and void as they do not state a violation of a criminal statute."

Omitting the introductory and concluding parts, the information alleges that appellant did:

"use a telephone, not for a lawful business purpose, with the intent to harass, annoy, torment, abuse, threaten and intimidate Eva Faulk, and did harass, annoy, torment, abuse, threaten and intimidate the said Eva Faulk by calling her on the telephone at her home."

This point of error is directed to the fact that the complaint and information do not charge the means by which the alleged harassment was committed. Northern v. State, 150 Tex.Cr.R. 511, 203 S.W.2d 206, is cited and relied upon.

This court as presently constituted has not re-affirmed or applied the controversial

---

1. Acts of the 59th Legislature (1965) amending Art. 476 of the Penal Code provide:

Sec. 2. "If any sentence, clause or wording of this Act shall be held invalid, unconstitutional or inoperative, such holding shall not affect the validity of the remaining portions of this Act; but the remainder of the Act shall be given effect as if such invalid, unconstitutional or inoperative portion had not been included and the Legislature hereby declares that it would have passed the re-

mainder of the Act regardless of the inclusion of such portion."

Sec. 3. "The fact that telephones are being used by persons intentionally to harass, torment and threaten other persons creates a dire emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended; and this Act shall take effect and be in force from and after its passage, and it is so enacted."

decision in Northern v. State, supra, but has consistently followed the opinion prepared by the same writer in Grady v. State, 150 Tex.Cr.R. 331, 200 S.W.2d 1017, and in Borski v. State, 154 Tex.Cr.R. 84, 225 S.W.2d 180, which are contrary to appellant's contention and sustain our conclusion that the information is not fatally defective.

We note in this connection that we are not dealing with the overruling of an exception or motion to quash the information, but with the contention that the complaint and information are void.

In Grady v. State, supra, the indictment charged assault with intent to murder, and the complaint to the action of the court in declining to sustain the defendant's motion to quash, because the means employed in the commission of the alleged assault were not alleged, was overruled.

In the case at bar we find no exception to or motion to quash the information.

No error appearing, the judgment is affirmed.