**Sinnie Mae REEVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54672.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 7, 1978.

Mike Barclay, Dallas, court appointed, for appellant.

Henry Wade, Dist. Atty., John Tatum, Dan Guthrie and Gerry Holden, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

### OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for welfare fraud. See Article 695c, § 34(2), V.A.C.S. Punishment of one (1) year's imprisonment was assessed by the jury.

The record reflects that appellant was convicted of fraudulently representing on welfare application forms that she was then unemployed, when in fact she was employed as a housekeeper for the Marriott Corporation. Although appellant had applied for both Aid to Families with Dependent Children (AFDC), as well as food stamps, her conviction appears to be based on the AFDC applications.

In her first ground of error, appellant argues that the statute under which she was convicted, Article 695c, § 34, supra, violates due process of law by failing to provide notice of what conduct constitutes a criminal offense. The statute reads in pertinent part:

"Sec. 34. Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

"(1) Assistance, services, or treatment to which he is not entitled;

"(2) Assistance, services, or treatment greater than that to which he is justly entitled;

"(3) Or, with intent to defraud, aids or abets in buying, or in any way disposing of the property of a recipient of assistance without the consent of the State Department, or whoever violates Section 32 or Section 33 of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not more than One Hundred Dollars ($100) or be imprisoned for not less than six (6) months, nor more than two (2) years, or be both so fined and imprisoned."

Appellant argues that the statute is unconstitutionally vague and ambiguous in two respects: (1) the statute as written allegedly requires reference to other regulatory material in order to define the amount of aid to which an applicant is entitled; and (2) the phrase "justly entitled" is inherently unclear and is not defined in the statute. Appellant contends that she was not prohibited by the statute from being employed for

gain while receiving assistance, rather, it is only when her income exceeds some unspecified level, which she claims is not subject to easy computation, that the activity becomes criminal because the benefits are greater than those to which she is "justly entitled."

As we stated in *Ex parte Granviel*, 561 S.W.2d 503 (Tex.Cr.App.1978):

"Whenever an attack upon the constitutionality of a statute is presented for determination, we commence with the presumption that such statute is valid and that the Legislature had not acted unreasonably or arbitrarily in enacting the statute. See *Ex parte Smith*, 441 S.W.2d 544 (Tex.Cr.App.1969); *Smith v. Davis*, 426 S.W.2d 827 (Tex.Sup.Ct.1968) . . . . The burden rests upon the individual who challenges the act to establish its unconstitutionality. *Robinson v. Hill*, 507 S.W.2d 521 (Tex.Sup.Ct.1974), and if a statute is capable of two constructions, one of which sustains its validity, the courts will give to it the interpretation that sustains its validity. *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App.1968); *Newsom v. State*, 372 S.W.2d 681 (Tex.Cr. App.1963); *Baldridge v. State*, 167 Tex. Cr.R. 519, 321 S.W.2d 309 (1959); *Lockhart v. State*, 150 Tex.Cr.R. 230, 200 S.W.2d 164 (1947). See also *State v. Shoppers World, Inc.*, 380 S.W.2d 107 (Tex.Sup.Ct.1964); *Alobaidi v. State*, 433 S.W.2d 440 (Tex.Cr.App.1968), cert. den. 393 U.S. 943, 89 S.Ct. 313, 21 L.Ed.2d 281 (1968)."

■ Appellant's analysis of the statute ignores the basic nature of the offense proscribed. The behavior prohibited is fraud: the use by a person of a wilfully false statement, representation, impersonation or other fraudulent means to procure welfare aid. Of course, the State is required to prove as an element of the offense that the aid obtained was greater than that to which an accused was "justly entitled." However, proof of this issue logically depends on the initial fraud; only after it is determined that a falsehood has been used can it then be determined that an applicant is receiving

benefits greater than those to which he or she is entitled. Proof of this latter issue may involve a wide range of factors, different for each welfare applicant.[1] A comprehensive listing of such factors in the statute would be burdensome, if not impossible, and would offer no further notice to an accused of the type of fraudulent act he or she has allegedly committed. Due process requirements of specificity in a criminal statute are based on the need for adequate notice of what behavior is prohibited. The Constitution does not require impossible standards; all that is required is that the language conveys a sufficient warning as to the proscribed conduct when measured by common understanding and practices. *United States v. Petrillo*, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946).

■ *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), relied on by appellant, is distinguishable. Unlike the Oklahoma statute in *Connally*, Article 695c, § 34, supra, does not pose ex post facto problems; nor is the Texas statute based on an unknown or open-ended standard as the Oklahoma statute was. The core of the Texas statute is its prohibition against an applicant's use of fraudulent means to obtain welfare benefits. We find that Article 695c gives sufficient notice of the offense of fraud. Appellant has failed to sustain her burden of proving Article 695c, § 34, unconstitutional. Her first ground of error is overruled.

Appellant next claims that the information by which she was charged was defective, as it failed to apprise her of either the amount of assistance or the type of benefits she obtained. She also complains that no elements of theft were alleged in the information. The information in part read:

" . . . one SINNIE MAE REEVES hereinafter styled Defendant, heretofore, on or about the 23rd day of AUGUST A.D., 1974 in the County of Dallas and State of Texas, did unlawfully knowingly and intentionally attempt to obtain and obtain (sic) assistance, services and treatment from the Texas State Department of Public Welfare, namely: Aid to Families with Dependent Children,' in an amount to which the said defendant was not entitled and in an amount greater than that to which defendant was otherwise justly entitled by means of a wilfully false statement, representation, impersonation, and other fraudulent means, namely: said defendant falsely stated and represented to the Texas State Department of Public Welfare that she was unemployed when in truth and in fact said defendant was employed by Marriott Corporation . . . ."

■ Both of appellant's contentions are without merit. The information was sufficient to put appellant on notice of the crime charged, and as discussed above in reference to appellant's first ground of error, the offense was fraud, not theft. Not only did the information charge the offense in the language of the statute, it also specified the nature of the fraudulent representation. See *Baldwin v. State*, 538 S.W.2d 109 (Tex. Cr.App.1976); *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974). Any allegation of the amount or type of aid obtained would have been surplusage. Appellant's second ground of error is overruled.

■ In her third ground of error, appellant contends that the trial court erred in failing to grant appellant's motion for an instructed verdict because the State allegedly failed to honor the discovery provi-

---

1. Margaret Gharis, a budget investigator with the Texas Department of Public Welfare, testified that her job at the time of trial was to determine what benefits applicants are eligible to receive under AFDC. She stated that she determined the amount of eligibility by beginning with the applicant's gross monthly income. From this amount, certain deductions are then made to reflect benefits recognized by the Department of Welfare. This remaining balance, called an "AFDC net income," is then applied toward the subsistence needs of the particular applicant. Obviously the dollar amount of these needs will vary, depending on the number of children the applicant has, their health, the monthly cost of their support and whether the applicant or spouse, if any, is working.

sions of Article 39.14, V.A.C.C.P., by providing appellant before trial with an opportunity to inspect employment records from the Dallas North Marriott Inn. At the time of trial, the State called James Thornton, Personnel Director of the Dallas North Marriott Inn, to establish appellant's employment history. Thornton brought with him personnel records of appellant's employment with the Marriott Corporation. Appellant objected on the grounds that these business records were possessed by the State before trial, and that the State had deliberately withheld them, contrary to the court's order granting appellant's pre-trial motion for discovery. Dan Guthrie, Assistant District Attorney, testified that these employment records were not in the State's possession until the time of trial, and that he did not have personal knowledge that Thornton would bring the records until Thornton actually appeared at trial with them. Further, Guthrie stated that he did not at the time anticipate introducing these records into evidence.

■ Appellant's lengthy and extensive motion for discovery requested only those papers, reports, business records, etc. which were in the custody or possession of the State or its agencies. Appellant has failed to demonstrate on appeal that these records were in fact possessed by the State at any time before Thornton appeared for trial. Consequently we find no violation of Article 39.14, supra. See *Smith v. State*, 547 S.W.2d 6 (Tex.Cr.App.1977).

In her fourth through sixth grounds of error, appellant complains of the following:

(4) That the trial court erred in admitting business records of appellant's payroll checks from the Marriott Inn because the State allegedly failed to lay a proper predicate;

(5) That the trial court erred in failing to sustain appellant's objection to testimony by a Welfare Department investigator to the effect that while questioning appellant in her home, appellant had shown the witness some paycheck stubs; appellant objected that the paycheck stubs were hearsay, since the witness did not have them with her when she testified and the stubs were never introduced into evidence;

(6) That the State failed to present a prima facie case because the State's witness who testified as to the amounts by which the Welfare Department overpaid appellant was not qualified to testify concerning such amounts.

We need not reach the merits of these contentions. During the punishment phase of the trial, appellant took the stand and unequivocally admitted that she was employed at the time she signed the initial AFDC applications and during the period in which she received this welfare assistance. Appellant's judicial confession thus renders moot these last three issues. The error, if any, in the admission of the alleged hearsay matters, has been waived since appellant testified in substance to the matter complained of. Likewise, no issue as to the welfare investigator's qualifications or the sufficiency of the evidence to sustain the conviction has been preserved. See *Dugger v. State*, 543 S.W.2d 374 (Tex.Cr.App.1976). Even if the matters complained of could be found to require a reversal, the appellant testified that she was guilty and her testimony could be introduced in the event of another trial. *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr.App.1971); *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975). Appellant's fourth through sixth grounds of error are overruled.

The judgment is affirmed.