**Harold Cedell REESE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–87–221–CR.**

Court of Appeals of Texas,
Waco.

June 1, 1989.

Kirk Bryant, Martin, Showers & Smith, Hillsboro, for appellant.

Dan V. Dent, Crim. Dist. Atty., Hillsboro, for appellee.

## ORDER

PER CURIAM.

The jury convicted Appellant of murdering Shug Walker, Jr., and assessed his punishment at ninety-nine years in prison and a $10,000 fine. One of his complaints is that the court erroneously excluded the testimony and affidavit of Wilda Grantham, a juror, at the hearing on the motion for a new trial. The essence of Grantham's testimony, which is preserved in a bill of exception, was that another juror mentioned the parole law during deliberations on punishment, that the jury discussed the parole law, and that she, Grantham, relied on the other juror's comments and voted for a harsher punishment.

The question is whether Grantham's testimony was barred by Rule 606(b) of the Rules of Criminal Evidence, because it pertained to a statement made during the jury's deliberations, or was admissible under the rule's exception because it was relevant to the validity of the verdict. *See* Tex.R.Crim.Evid. 606(b). Concluding that the evidence was wrongfully excluded under the facts presented, but that such error can be corrected, the appeal will be abated pending further action by the trial court. *See* Tex.R.App.P. 80(c).

Rule 30(b)(7) of the Rules of Appellate Procedure requires the court to grant the accused a new trial when "after retiring to

deliberate the jury has received other evidence." Tex.R.App.P. 30(b)(7). Rule 606(b) of the Rules of Criminal Evidence provides:

> (b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter *or statement occurring during the course of the jury's deliberations* or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify as to any matter relevant to the validity of the verdict or indictment.* Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Tex.R.Crim.Evid. 606(b) (emphasis added).[1]

Grantham would have testified that, during deliberations on punishment, another juror mentioned the parole law, and stated that Appellant would serve only five to ten years in prison, even if the jury assessed his punishment at ninety-nine years. Grantham described the parole discussion as the "main source" of the jury's deliberation on punishment. According to Grantham, the other juror seemed "sure of her position," appeared "adamant," and expressed her opinion as though it were based on facts and knowledge gained through someone connected with the prison system. Grantham said she relied on the juror's assertions and changed her vote on punishment from thirty years and a fine to ninety-nine years and a $10,000 fine.

Two other jurors testified in the bill of exception about the parole discussion. Leona Conner, the presiding juror, said the discussion lasted only as long as it took her "to hit the table with my shoe and say that it is against the rules." She said she "squelched" the discussion and nothing more was said about parole. Thelma Williams remembered parole being mentioned by another juror, but confirmed that Conner immediately stopped the discussion and warned jurors that "we were not there for that." Included in the bill were affidavits from Conner, Williams, and five other jurors, all stating that the comment about parole was never asserted to be based on fact and that the brief discussion had not affected their or any other juror's vote on punishment.

Essentially, Appellant's argument is as follows:

(1) Rule 30(b)(7) guaranteed him a new trial if he could prove that the jury "received other evidence" during its deliberations;

(2) The juror's comments about the parole law constituted "other evidence" which the jury "received" during its deliberations and used to punish him;

(3) The jury violated his constitutional right to confront and cross-examine witnesses (i.e., the jurors) when it received other evidence detrimental to him and used it to assess his punishment;

(4) The punishment verdict was, thus, constitutionally invalid;

(5) Grantham's testimony was admissible under the exception in Rule 606(b) because it was "relevant to the validity of the verdict";

(6) If Rule 606(b) barred her testimony, then it violated the "open court" provision (Article I, Section 13) of the Texas Constitution because the rule barred the only available remedy for enforcing his right to a new trial under Rule 30(b)(7); and

(7) If Rule 606(b) barred her testimony, then the rule violated the "confrontation" clause of the Texas Constitution (Article I, Section 10) and the U.S. Constitution (Sixth Amendment) because it precluded him from confronting and cross-examining the witness (i.e., the ju-

---

1. Rule 606(b) of the Rules of Criminal Evidence is identical to Rule 606(b) of the Rules of Civil Evidence, with one important difference. The exception in the civil rule reads: "except that a juror may testify whether *any outside influence* was improperly brought to bear upon any juror." Tex.R.Civ.Evid. 606(b) (emphasis added).

ror) who gave the jury the "other evidence."

■ An accused must prove that the jury actually "received" other evidence that was "detrimental" to him before he can obtain a new trial under Rule 30(b)(7). *Hunt v. State,* 603 S.W.2d 865, 869 (Tex.Cr.App.1980). Whether such evidence was actually "received" by the jury is a fact question to be determined by the court at the hearing on the motion for a new trial. *Baldonado v. State,* 745 S.W.2d 491, 495 (Tex.App.—Corpus Christi 1988, pet. ref'd). Rule 30(b)(7) protects the accused's fundamental right to a jury trial by restricting the jury's consideration to evidence properly admitted during the trial. *Bearden v. State,* 648 S.W.2d 688, 693 (Tex.Cr.App. 1983).

Grantham's testimony was obviously within the express prohibition of Rule 606(b) because it pertained to a "statement occurring during the course of the jury's deliberations." *See* Tex.R.Crim.Evid. 606(b). Thus, the question narrows to whether her testimony was admissible under the exception, which allows a juror to testify to "any matter relevant to the validity of the verdict." *See id.*

Procedural rules have the same force and effect as statutes. *See Missouri Pacific Railroad Company v. Cross,* 501 S.W.2d 868, 872 (Tex.1973). Therefore, they should be interpreted and construed under the rules applicable to legislative enactments. Criminal rules should be liberally construed to accomplish their objective of insuring a fair and impartial trial. *See Stone v. Texas Employers' Insurance Association,* 154 Tex. 21, 273 S.W.2d 59, 60 (1954); Tex.Code Crim.Proc.Ann. art. 1.03(5) (Vernon 1977). The ultimate goal of interpretation and construction is to determine what the enacting authority intended when it adopted the rule. *See Knight v. Intern. Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982).

What did the Court of Criminal Appeals intend when it adopted Rule 606(b)? Did it intend to prevent jurors from disclosing that the accused's constitutional rights were violated by the jury's receiving other evidence detrimental to him during its deliberations? What did it mean when it provided, by exception, that a juror can testify about "any matter relevant to the validity of the verdict"? Was Grantham's testimony relevant to the validity of the verdict?

A court cannot enact a procedural rule which conflicts with a constitutional provision. *See Picard v. State,* 631 S.W.2d 761, 763 (Tex.Civ.App.—Beaumont 1981, no writ). Therefore, when a rule may be fairly given two interpretations, one of which results in its validity, a court must presume that the enacting authority did not intend to adopt an invalid rule, and shall interpret it so that it will be valid and constitutional. *See Baldridge v. State,* 167 Tex.Crim. 519, 321 S.W.2d 309, 310 (1959).

How Rule 606(b) should be interpreted has been the subject of comment. Judge Marvin Teague, in his concurring and dissenting opinion on petition for discretionary review in *Rose v. State,* 752 S.W.2d 529, 544 (Tex.Cr.App.1987), described Rule 606(b) as "internally self-contradictory," and stated: "If ... Rule 606(b) can be interpreted to mean that ... jurors are totally and absolutely immune from being called to testify, then, of course, it is obviously time for this Court to rewrite the rule." Such an immunity, he declared, would only promote jury misconduct. *Id.* Later, Judge Teague argued on rehearing that the exception in Rule 606(b) "x's out" what facially appears to be a complete bar against a juror relating any statement made during deliberations. *Id.* at 556.

■ A jury that actually receives "other evidence" after it begins deliberations violates the accused's constitutional right to confront and cross-examine the "witness" who gave the "other evidence" to the jury. *Munroe v. State,* 637 S.W.2d 475, 482 (Tex. Cr.App.1982). Thus, Rule 606(b) could be interpreted in a way that prevents the accused from proving that his constitutional rights were violated by the jury by barring testimony of all statements occurring during deliberations. That interpretation would result in the rule's invalidity because it would conflict with the constitutional

right to confront and cross-examine witnesses. *See* U.S. Const. Amend. VI; Tex. Const. art. I, § 10.

However, Rule 606(b) can also be fairly interpreted as allowing the accused to prove that the jury received other evidence detrimental to him during its deliberations, yet preserve the rule's general bar against jurors testifying to statements occurring during deliberations, or about jurors' mental processes, that do not result in jury misconduct that violates the accused's constitutional rights. How can the court rule on whether other evidence was actually "received" by the jury, a fact question it must determine, or assess its detrimental nature, unless it knows what the jurors said and heard in the jury room?

The plain language of the rule indicates the Court of Criminal Appeals did not intend to give jurors absolute immunity from testifying at a hearing on a motion for a new trial. In fact, a juror may testify about "any matter," as long as it is "relevant to the validity of the verdict." "Any matter" is a broad, all-encompassing term. Relating a statement made by another juror during deliberations, as long as it was relevant to the validity of the verdict, would constitute "any matter." Therefore, Grantham's testimony was admissible under the exception, if it was relevant to the "validity of the verdict."

■ Grantham's testimony, relating a juror's statement that could constitute "other evidence," was "relevant to the validity of the verdict" because, assuming the court found that such evidence was received and that it was detrimental to the accused, the verdict would be constitutionally invalid. Conflicting testimony on whether the jury actually "received," or merely mentioned, evidence relating to the parole law presented a fact question for the court's determination. *See Baldonado*, 745 S.W.2d at 495.

Based strictly on the facts presented, Grantham's testimony was admissible under the exception in Rule 606(b) because it related to the validity of the verdict on punishment. Accordingly, this appeal is abated pending further action in the trial court in accordance with the following instructions:

1. The court shall set aside the order denying Appellant a new trial.
2. The court shall conduct another hearing on Appellant's motion for a new trial within sixty days after the date of this order, and shall admit evidence and affidavits from jurors relevant to whether the jury received other evidence detrimental to Appellant during its deliberations on punishment.
3. The court shall then enter another order ruling on Appellant's motion for a new trial, supported by findings of fact and conclusions of law.
4. The court shall forward a statement of facts of the hearing and a supplemental transcript, containing any jurors' affidavits not heretofore filed, the order on Appellant's motion for a new trial and accompanying findings and conclusions, to the clerk of this court within thirty days after concluding the hearing.

If the court timely complies with this order, then the appeal will be reinstated, and this court will proceed as if no such error had occurred. *See* Tex.R.App.P. 81(a). Otherwise, the appeal will be reinstated, the judgment reversed, and the cause remanded for a new trial.