Thomas Brooks EPPERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 57356.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 14, 1979.

Rehearing En Banc Denied April 4, 1979.

Richard Grainger and Mike A. Hatchell, Tyler, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds, Terry Madden and Sam G. Longoria, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for driving while intoxicated. The penalty was assessed at three days' imprisonment and a $500.00 fine.

■ Appellant's first ground of error claims that the State failed to establish the predicate for the admissibility of State's Exhibit No. 1, a Texas Department of Public Safety breathalyzer operational checklist for the administration of a breathalyzer examination on Thomas Brooks Epperson on December 31, 1975.

Article 3737e, V.A.C.S., provides, in pertinent part:

Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The testimony of the officer who conducted the breathalyzer examination established the predicate for the admission of the checklist as required by the above statutory provisions. Appellant's first ground of error is overruled.

Appellant's second ground of error complains of the admissibility of the testimony of the Dallas area technical supervisor, Louis Juarez, because State's Exhibit No. 1 was inadmissible. In light of our disposition of appellant's first ground of error, the second ground of error is likewise overruled.

■ Appellant's third ground of error complains of the admission of the testimony of the police officer who conducted the breathalyzer examination of appellant on the basis that the evidence did not show that he had a "valid certificate issued by the Texas Department of Public Safety" to conduct breathalyzer examinations as required under Article 6701*l*–5, V.A.C.S. However, the officer did testify that he was certified to administer a breathalyzer examination on the date this test was administered. It is noted that Article 6701*l*–5, Section 3(b), V.A.C.S., only authorizes the Texas Department of Public Safety "to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact." The necessity of detailing by what authority one is certified to administer a breathalyzer examination was not addressed in *French v. State*, Tex.Cr.App., 484 S.W.2d 716. In light of the exclusive certification powers expressed in Article 6701*l*–5, Section 3(b) we deem it unnecessary to have express testimony identifying the authority by which a law enforcement officer is "certified" to conduct such examinations. We believe the evidence was sufficient to authorize Officer Bryan to testify to the administration of the breathalyzer examination. Appellant's third ground of error is overruled.

■ In appellant's brief where he enumerates the grounds of error to be raised, his fourth ground of error complains of the trial court's failure to strike the testimony of Officer Bryan relating to the breathalyzer examination of the appellant "because his testimony is not related either to a known breathalyzer machine or to a given ampoule control number as required under the guidelines in *French v. State*, [Tex.Cr. App.], 484 S.W.2d 716, 719 (1972)."

Appellant's trial counsel objected to the police officer's testimony concerning the results of the breathalyzer examination on the grounds raised in his third ground of error discussed above. After cross-examining the officer, the appellant requested that his testimony be stricken for several reasons, including inadequate predicate, but without specifying the issue raised in his ground of error here. The trial court sustained the motion and indicated he would instruct the jury to disregard the testimony, at which time the State declared it would present another witness. The court then

decided not to instruct the jury to disregard until the State closed its cause as to the breathalyzer. The defense made no objection and presented its case. The next day the State presented the testimony of Louis Juarez, the Dallas area technical supervisor. The defense extensively cross-examined this witness and, after excusing the witness, interposed several objections, including:

> Defendant further objects to the testimony of Officer Juarez—or, Mr. Juarez, on the basis that the State has not established the materiality of the equipment to which Officer Juarez testified to as being in working order, nor has he—nor has the State established the relevancy as to the ampule number or control number of the—uh—what is that stuff—of the test chemicals to which the State must prove were in good working order—both of which the State must prove were in good working order prior to laying a proper predicate for the admission of the breathalyzer testimony. Without such proper predicate being laid, the Defendant respectfully requests that the testimony of Officer Rose—or, Officer Bryan, with regard to his administration of the breathalyzer test be stricken from the record; and further request that the testimony of Officer—or, Mr. Juarez, be stricken from the record on the basis that it is not presently material; in that the State has

failed to lay a proper predicate for the admission of both.

It is clear from the trial court's discussion of appellant's objection to Officer Bryan's testimony because of an inadequate predicate that the trial court was adequately apprised of the basis of appellant's objection.[1] *Zillender v. State*, Tex.Cr.App., 557 S.W.2d 515. The trial court's failure to grant appellant's objection after the testimony of the technical supervisor failed to establish the predicate for Officer Bryan's testimony concerning the results of the breathalyzer examination constitutes error.[2] *French v. State*, supra; *Cody v. State*, Tex. Cr.App., 548 S.W.2d 401; *Palafox v. State*, Tex.Cr.App., 509 S.W.2d 846; *Reyna v. State*, Tex.Cr.App., 508 S.W.2d 632; *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93. The error is reversible since the trial court, in its charge to the jury, instructed them on the presumption of intoxication provided for under Article 6701*l*–5, V.A.C.S.

The judgment of conviction is reversed and the cause remanded.

---

[1] THE COURT: Testimony with records to the breathalyzer be stricken from the record?
MR. McCULLOM: Yes, sir.
THE COURT: I will sustain that.
MR. MADDEN: Now, Judge, the testimony, I don't think should be stricken. Now, in the charge to the jury, I think he has a valid point that it should not be admitted into the charge.
THE COURT: I concur. Are you—are you not doing something indirectly that, by *French v. State*, you can't do directly?
THE REPORTER: By what, Judge?
MR. McCULLOM: I am going to make a motion—
THE COURT: *French v. State*. (Addressing the reporter.)
The first time that the defense counsel has asked it be stricken—
MR. LONGORIA: Well, Judge, we're introducing this as a matter of testimonial evidence for the jury to consider.

THE COURT: *French v. State*, says, without testimony as to the proper compounding of the chemicals, without testimony as to whether or not the breathalyzer was checked on periodic intervals and found to be in proper working order that such is inadmissible.
MR. MADDEN: I agree with you, Judge.
THE COURT: Anything further? I will so instruct the jury when they come back that the testimony with regards to the result of the breathalyzer test be stricken from the record.

[2] The technical supervisor's testimony showed that he had inspected breathalyzer machine number 900A–0331031. State's Exhibit No. 1 showed breathalyzer machine number 003011700 was used to examine appellant. "900A" is the model number.