**Eddie Thomas STIGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–00471–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 1985.

John Gilleland, Houston, for appellant.

John Holmes, Dist. Atty., Houston, for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

DUNN, Justice.

The court found appellant guilty of arson and assessed his punishment at 10 years confinement.

Appellant's only ground of error claims that the indictment on which appellant was tried was fundamentally defective because the signature of the foreman was made with a facsimile stamp, instead of by personal signature as required by law.

Appellant agreed that cases decided prior to the enactment of the 1965 Texas Code of Criminal Procedure held that the absence of a foreman's signature would not invalidate the indictment, but he claims the language of the 1965 Code is mandatory, to wit: "It (the indictment) shall be signed officially by the foreman of the grand jury." Tex Code Crim.P. art. 21.02(9) (Vernon 1966). He argues that this should mean that the actual signature of the foreman is required, and not a facsimile. We disagree. A physical disability of an otherwise qualified foreman might prohibit him from signing his name the hundreds of times that the office would require, but circumstances might permit him to have a facsimile stamp made from his signature, which could be used to effect the sometime onerous task. Further, the language of article 396 of the antecedent code, requiring the foreman's signature on the indictment is identical to the language contained in the 1965 Code, which also requires the foreman's signature. As late as 1963, the Texas Court of Criminal Appeals held that the signature on an indictment was not essential to its validity. *Ex parte Landers*, 366 S.W.2d 567 (Tex.Crim.App.1963).

We hold that the purpose of the Code's requirement that each indictment be signed by the foreman is to insure that the indictment presented is in fact the one voted on and returned by the grand jury and that this purpose is fulfilled as well by a stamped facsimile as by the personal signature of the foreman.

Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.