**Michael Dwayne CHAMBERS,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–01190–CR.**

Court of Appeals of Texas,
Dallas.

July 17, 1987.

Deborah E. Farris, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before STEPHENS, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Michael Dwayne Chambers attempts to appeal his conviction for attempted murder. The trial court assessed punishment at confinement for twelve years.

Our review of the transcript reflects that there is a form in the transcript which recites notice of appeal, alleges indigency, and requests the trial court to appoint counsel on appeal. This form is not signed by Chambers in the appropriate blank provided for his signature. In fact, the signature of Chambers does not appear anywhere on this form. We have reviewed the remainder of the transcript and do not find any other form or document indicating that Chambers or an attorney on his behalf has signed a written notice of appeal.

Rules 40(b)(1) and 41(b)(1)[1] provide that notice of appeal *shall* be given in writing and filed with the clerk of the trial court and that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed if no timely motion for new trial is filed. In this case, no timely motion for new trial was filed and only the preprinted unsigned form was filed within thirty days of the imposition of sentence. We conclude that this unsigned form does not satisfy the requirement that the notice of appeal "be given in writing."

Therefore, we hold no timely notice of appeal was given in writing to perfect an appeal and we dismiss this appeal for want of jurisdiction.

---

1. All references to the rules herein are to the     Texas Rules of Appellate Procedure.