Wayne Chad **CORBETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–87–252–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1988.

**934**

William W. Burge, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03. The jury found him guilty and assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(c), at 34 years imprisonment and a fine of $2,000.00. Appellant raises one point of error, complaining the trial court committed reversible error by instructing the jury on the law governing parole and good conduct time credit.

Appellant failed to give timely notice of appeal, as required by TEX.R.APP.P. 40(b)(1) and 41(b)(1).

Rule 40(b)(1) states:

Notice of appeal shall be given in writing filed with the clerk of the trial court.

Rule 41(b)(1) states:

Appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed ...

In the instant case, appellant gave oral notice of appeal in open court on February 11, 1987, the date he was sentenced. This was reduced to writing by the district clerk, but was not signed by the appellant or by his attorney. Since the notice was not signed, it does not qualify as the requisite notice *in writing*. *See Ex parte Felton*, 590 S.W.2d 471 (Tex.Crim.App.1979).

Appellant also filed a pro se notice of appeal in this cause. That notice was properly signed by appellant. However, it was filed on March 16, 1987, some thirty-three days after sentence was imposed. This, of course, fails to comply with TEX.R.APP.P. 41(b)(1). No motion for new trial was filed in this cause, nor was a motion for extension of time for filing notice of appeal filed within fifteen days after the notice of appeal was due, pursuant to TEX.R.APP.P. 41(b)(2).

This case is on all fours with *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988). For the reasons stated in that opinion, appellant has failed to perfect an appeal before this court and the court lacks jurisdiction.

The appeal is ordered dismissed for want of jurisdiction.