**Jerrold Don JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00927–CR.**

Court of Appeals of Texas, Dallas.

April 29, 1988.

Rehearing Denied May 31, 1988.

Discretionary Review Refused Sept. 27, 1988.

Fred C. McDaniel, DeSoto, for appellant.

Teresa Tolle, Dallas, for appellee.

BAKER, Justice.

Jerrold Don Jones appeals his conviction for aggravated robbery. Punishment was assessed at confinement for ninety-nine years. The State has filed a motion to dismiss this appeal because appellant did not sign the notice of appeal which is contained in the transcript before this Court. For the reasons stated below, we deny the State's motion to dismiss.

The trial in this case was conducted on August 17, 1987, and the trial court imposed punishment and signed the judgment on August 19, 1987. On August 17, 1987, a document entitled "Defendant's Notice of Appeal and Pauper Oath Appointment of Attorney on Appeal" was filed.[1] It contains the notation that "defendant refused to sign" written below the blank provided for appellant's signature.

Because the notice of appeal is not signed by appellant, the State alleges that the requirements of rule 40(b)(1)[2] have not been met. That rule states in pertinent part as follows:

> Appeal is perfected in a criminal case by giving timely notice of appeal.... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order....

The State argues that, because the words "defendant refused to sign" appear on the notice of appeal form, there is no timely notice of appeal in writing and that this appeal should be dismissed for want of jurisdiction.

In support of its argument, the State cites this Court's decision in *Chambers v. State*, 735 S.W.2d 294 (Tex.App.—Dallas 1987, no pet.). In *Chambers*, this Court dismissed the appeal for want of jurisdiction when faced with a form identical to this one which was not signed by the appellant. There was no statement on the form in *Chambers*, however, that the "defendant refused to sign."

Further, the State cites the recent decision of the Court of Criminal Appeals on the subject of notices of appeal, *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988). In *Shute*, the Court of Criminal Appeals held that an independent written notice of appeal must be filed by the appellant. The court stated further that, in the absence of a timely, written notice of appeal, the appellate court is without jurisdiction to entertain the appeal. 744 S.W.2d at 97. The court observed that the writing executed by the clerk was a form that was merely an

---

1. We note that the notice of appeal is deemed to have been filed on the date of but subsequent to the imposition of sentence or the signing of the judgment. TEX.R.APP.P. 41(c).

2. All references to rules herein are to the Texas Rules of Appellate Procedure.

acknowledgment by the trial court of receipt of the appellant's oral notice. The court concluded that the form was not sufficient to meet the requirements of rule 40(b)(1).

Appellant's attorney has responded to the motion to dismiss by arguing that the form notice of appeal, although not signed, perfected the appeal because it was filed within thirty days of the date that sentence was imposed, as required by rule 41(b)(1), and it is *written* evidence of the notice of appeal, as required by rule 40(b)(1).

We conclude that the facts in *Shute* are distinguishable from this case. In *Shute,* there was *no* document filed that would constitute an "independent written notice of appeal." In this case, we do have an independent written notice of appeal; it is just not signed by appellant. Rule 40(b)(1) does not require that the notice of appeal be signed, only that it be in writing. All that *Shute* holds is that, in the absence of a timely, written notice of appeal, the appellate court is without jurisdiction to entertain the appeal. 744 S.W.2d at 97. For the same reasons, *Corbett v. State,* 745 S.W.2d 933 (Tex.App.—Houston [14th Dist.] 1988) is distinguishable from the instant case.

Moreover, in civil cases, the supreme court has held that the *lack of signing* of an appeal bond is a defect that can be amended. *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568, 570 (Tex.1975); *Owen v. Brown,* 447 S.W.2d 883, 884–85 (Tex.1969). The essence of these cases is that the lack of signing is not a *jurisdictional* defect but rather a defect that can be corrected. That is, the bond or cash deposit is sufficient to invoke the appellate court's jurisdiction, but it contains a defect that can be remedied when called to the Court's attention.

Also, rule 83 provides that "[a] judgment shall not be affirmed or reversed *or an appeal dismissed* for defects or irregularities in appellate procedure, *either of form or substance,* without allowing a reasonable time to correct or amend such defects or irregularities." [Emphasis added.] We conclude that appellant's not signing of the notice of appeal is a defect that under rule 83, may be amended.

Upon discovering the defect in this notice of appeal, this Court directed the trial court to conduct a hearing to determine whether appellant desires to prosecute the appeal. We have received a record of that hearing at which appellant testified that he did "have the intention to appeal" his case. At the hearing, the trial court concluded that had been the Court's impression that appellant did, at the time of sentencing, wish to appeal, and such was the trial court's reason to appoint counsel to represent him on appeal.

Further, the trial court has filed a supplemental transcript containing findings of fact and conclusions of law in which the trial court concludes that appellant now wishes to prosecute his appeal. The supplemental transcript also contains an amended notice of appeal which has now been filed in the trial court. The amended notice of appeal contains the signature of appellant.

We hold that an unsigned notice of appeal which is timely filed is sufficient to invoke this Court's jurisdiction. It follows that such a notice of appeal may be amended at a later date upon motion of either party. To the extent that this Court's decision in *Chambers v. State,* 735 S.W.2d 294 (Tex.App.—Dallas 1987, no pet.), conflicts with our decision today, we overrule it.

In reaching our conclusion, we have considered the fact that, if in a civil case where only money and property are involved, an unsigned document is sufficient to perfect an appeal, likewise in a criminal case, where life and liberty are at stake, this unsigned document should be sufficient to perfect an appeal.

We conclude that the notice of appeal filed on August 17, 1987, is sufficient to invoke this Court's jurisdiction. Therefore, the State's motion to dismiss this appeal for want of jurisdiction is denied.

KINKEADE, J., dissents.

STEPHENS, ROWE and LAGARDE, JJ., join in KINKEADE, J., dissent.

McCLUNG, J., concurs with the dissent with a separate opinion.

HECHT, J., joins in both dissents.

KINKEADE, Justice, dissenting.

I respectfully and vigorously dissent. I would grant the State's motion to dismiss this appeal because we do not have jurisdiction. I do not think that a document entitled "Defendant's Notice of Appeal and Pauper Oath Appointment of Attorney on Appeal" which contains the notation that "defendant refused to sign" written below the blank provided for appellant's signature gives us jurisdiction to entertain an appeal.

Rule 40(b)(1)[1] requires that a "notice of appeal *shall be given in writing* filed with the clerk of the trial court. Such notice shall be sufficient *if it shows the desire of the defendant to appeal* from the judgment or other appealable order...." Because the words "defendant refused to sign" appear on this notice of appeal form, I do not think that there is any timely notice of appeal in writing, and this appeal should be dismissed for want of jurisdiction.

I would not overrule this Court's decision in *Chambers v. State*, 735 S.W.2d 294 (Tex. App.—Dallas 1987, no pet.), but would follow it. As this Court stated in *Chambers*, an "unsigned form does not satisfy the requirement that the notice of appeal 'be given in writing.'" 735 S.W.2d at 294.

Moreover, in its recent decision in *Shute v. State*, 744 S.W.2d 96, 97 (Tex.Crim.App. 1988), the Court of Criminal Appeals held that an "independent written notice of appeal" *must* be filed by the appellant. The court concluded that, in the absence of a timely, written notice of appeal, the appellate court is without jurisdiction to entertain the appeal. The court stated that the reduction to writing by the clerk of the trial court of the appellant's oral notice of appeal was not sufficient to meet the requirements of rule 40(b)(1). The court noted that the writing which appellant argued invoked the jurisdiction of the court of appeals was a *form* that was used merely as an acknowledgment by the trial court of receipt of the appellant's oral notice. 744 S.W.2d at 97.

I disagree with the majority that the facts in *Shute* are distinguishable from this case. In *Shute*, there was no document filed that would constitute an "independent written notice of appeal"—only a *form* that was used by the clerk of the trial court.[2] Likewise, in this case, we have no independent written notice of appeal—only an unsigned form which, like an unsigned check or promissory note, is evidence of nothing. Indeed, I do not see how an unsigned form can evidence a "desire ... to appeal" as required by rule 40(b)(1). Otherwise, any piece of paper with the word "appeal" which was not signed by the appellant might be considered sufficient to invoke the jurisdiction of this Court.

If it were not for the holding of the Court of Criminal Appeals in *Shute*, I might be inclined to agree with the majority in this case to overrule this Court's holding in *Chambers*. Of course, I agree that an appellant who desires to appeal should be entitled to appeal his conviction. But the Court of Criminal Appeals has spoken, and I think that its holding squarely controls the facts in this case. Therefore, our jurisdiction has not been invoked in this case, and the lack of signing cannot be amended under rule 83.

I would conclude that we are without jurisdiction to entertain this appeal. Accordingly, I would dismiss the appeal for want of jurisdiction.

McCLUNG, Justice, dissenting.

I join the dissent. The holding of *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App. 1988), is clear, "In the absence of a timely, written notice of appeal, the lower court was correct in stating they were without jurisdiction to entertain the appeal." In *Shute*, the court was more concerned with whether the notice was *timely*, than with the *form* of the notice. The court held the

1. All references to rules herein are to the Texas Rules of Appellate Procedure.

2. I note that this form was routinely used prior to the enactment of the Rules of Appellate Procedure on September 1, 1986, when notice of appeal was sufficient if given orally.

notice was two weeks late, therefore, the notice did not confer jurisdiction to entertain the appeal, citing *Martin v. State,* 654 S.W.2d 800 (Tex.App.—Houston [14th Dist.] 1983), holding that a notice not signed by appellant or his attorney does not qualify as the requisite notice *in writing* and, a properly signed pro se notice of appeal, filed thirty-three days after sentence, was not timely and failed to perfect the appeal.

We now have *Corbett v. State,* 745 S.W. 2d 933 (Tex.App.—Houston [14th Dist.] 1988). A fair reading of these three cases together (all out of Houston) would show that to be effective, a notice of appeal must be (1) timely *filed,* (2) in *writing,* and (3) *signed. Corbett* and to some extent *Shute* seem to suggest the notice can be signed by the appellant or his attorney, perhaps even anyone on his behalf, so long as it is signed.

I find nothing to suggest this Court can extend the time to file so as to allow proper signing or reduction to writing. Sending the case back to the trial court in the face of a clearly deficient notice of appeal cannot create or confer jurisdiction to entertain this appeal.

I would not overrule *Chambers v. State,* 735 S.W.2d 294 (Tex.App.—Dallas 1987, no pet.), and would find support in following it in *Corbett v. State,* 745 S.W.2d 933, 934 (Tex.App.—Houston [14th Dist.] 1988).