**The STATE of Texas**

v.

**Robert E. MULLER.**

**No. 01–89–00306–CR.**

Court of Appeals of Texas, Houston (1st Dist.), 1990.

Aug. 23, 1990.
Rehearing Denied Sept. 20, 1990.

Mike DeGeurin, J. Gary Trichter, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

ON MOTION FOR REHEARING

SAM BASS, Justice.

On motion for rehearing, we grant the motion, withdraw our previous opinion, and substitute the following in its place. The State appeals from an order striking a paragraph in an information. We reverse the judgment of the trial court declaring the statute and regulations unconstitutional; we order the information reinstated; and we remand the cause to the trial court.

By information, the State charged Robert Muller with operating a motor vehicle in a public place while intoxicated. Muller filed a motion to strike the paragraph of the information that alleged a .10 alcohol concentration and to suppress all intoxilyzer evidence. Muller contested the constitutionality of TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 3(a) and (b) (Vernon Supp.1990) (the statute) and the Texas Department of Public Safety's (DPS) Breath Alcohol Testing Regulations (the regulations).

Muller signed a stipulation of evidence in which he acknowledged: He was arrested on suspicion of driving while intoxicated; he was given the intoxilyzer test; and the police administered the test according to the regulations.

The trial court granted Muller's motion, struck the paragraph, and held that the regulations and the statute were unconstitutional.

Muller claims the State did not give proper notice of appeal because an assistant prosecutor signed the notice, contending that we have no jurisdiction of the State's appeal.

The State's notice of appeal, filed within the proper period, stated:

Now comes the State of Texas, by and through its District Attorney, John B. Holmes, Jr., pursuant to Tex.Code Crim. Proc. art. 44.01(a)(1) and (a)(5) ...

John B. Holmes Jr. by [undecipherable]. The State acknowledges that the signature on the original notice of appeal was that of the first assistant to the district attorney, because Holmes was out of town when the notice was to be filed.

■ After oral argument, the State filed a motion to file an amended notice of appeal, which we granted. The State filed an amended notice of appeal, signed by John B. Holmes. Muller contends that the amendment did not cure the jurisdictional error. Once the State filed a notice of appeal without the signature of the prosecuting attorney and the time to file a notice of appeal expired, Muller argues it was too late to file an amended notice.

We find nothing in the Code of Criminal Procedure or the Rules of Appellate Procedure that require the prosecuting attorney to put his own signature on the notice of appeal. Article 44.01 of the Texas Code of Criminal Procedure controls appeals by the State. Subsections (d) and (i) provide:

> The prosecuting attorney may not make an appeal under subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.
>
> In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case *and does not include an assistant prosecuting attorney.*

TEX.CODE CRIM.P.ANN. art. 44.01(d), (i) (Vernon Supp.1990) (emphasis added). Nothing in article 44.01 requires the prosecuting attorney to sign the State's notice of appeal.

Rule 40(b) of the Texas Rules of Appellate Procedure governs the perfection of an appeal in criminal cases. Rule 40(b) requires a party to file a written notice of appeal. Nothing in rule 40(b) states that the notice of appeal must be signed. Rule 4 of the Texas Rules of Appellate Procedure states that each document filed shall be signed by at least one attorney. A party who is not represented by an attorney must sign his own documents. The combined effect of rules 4 and 40(b), is that an attorney or a party must file the notice of appeal.

The notice of appeal was made in name of the prosecuting attorney, John Holmes. His name was signed for him by an assistant district attorney at the bottom of the notice. The only problem with the notice of appeal is that John Holmes did not personally sign it. Article 44.01, however, does not require that the prosecuting attorney personally sign the notice of appeal.

We recognize that our sister court has held that a defendant's oral notice of appeal made in open court, reduced to writing by the clerk but not signed by defendant or his counsel, was not a notice of appeal in writing. *Corbett v. State,* 745 S.W.2d 933, 934 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The distinction between *Corbett* and the case before us, is that in *Corbett* no one signed the notice, while in this case, the State's notice of appeal was signed.

The courts have held it is permissible to use a stamp to produce a facsimile of an original signature. *See Paulus v. State,* 633 S.W.2d 827, 849 (Tex.Crim.App.1981) (op. on reh'g); *Stigers v. State,* 702 S.W.2d 301, 302 (Tex.App.—Houston [1st Dist.] 1985, no pet.) (indictments containing stamp with facsimile signature of grand jury foreman were valid). If a stamp facsimile of an original signature is acceptable, we believe the facsimile signature by an authorized representative is acceptable.

This Court has held that when a notice of appeal does not strictly follow the requirements of a notice, if the notice puts the interested party on notice that appellant intends to appeal, the interested party is not misled or harmed. *Campbell v. State,* 747 S.W.2d 65, 67 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (substantial compliance with TEX.R.APP.P. 40(b)(1)); *cf. Berger v. State,* 780 S.W.2d 321, 323 (Tex.App.—Austin 1989, no pet.).

■ The State's appeal is governed by the Texas Rules of Appellate Procedure. Tex.R.App.P. 1; *see State v. Demaret*, 764 S.W.2d 857 (Tex.App.—Austin 1989, no pet.). Rule 83 of the Texas Rules of Appellate Procedure prohibits us from dismissing an appeal for defects or irregularities, in form or substance, without permitting the party a reasonable time to correct or amend the defects; therefore, when the State filed an amended notice of appeal, it cured any defect in the original notice.

We find it improbable that the legislature intended that the State may only appeal *if, but only if,* the district attorney personally signs the notice of appeal. There are many occasions when the district attorney may be compelled to be "out of state," or "at other places," and is not physically present to sign the notice of appeal. It is, therefore, logical that some other "prosecuting attorney" would be authorized to sign the name of the district attorney, *or* that an amendment of that notice of appeal could be filed with the court to "show" the district attorney's intent and consent, as occurred in this cause.

We find that the notice of appeal was proper as amended and we assume jurisdiction.

■ In point of error three, the State argues that the trial court erred in declaring the statute and regulations unconstitutional.

Muller challenged two subsections in article 67011–5, § (3), that govern the use of intoxilyzer evidence. The challenged sections provide in part:

(a) [In a DWI case], *evidence of the alcohol concentration* ... as shown by analysis of a specimen of the person's breath ... or any bodily substances taken at the request or order of a peace officer, *shall be admissible.*

(b) Analysis of a specimen of the person's breath, to be considered valid ... must be performed according to rules of [DPS] and by an individual possessing a valid certificate issued by [DPS] for this purpose. [DPS] is authorized to establish rules approving satisfactory techniques or methods, to ascertain the quali-

fications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of [DPS].

(Emphasis added).

In his motion, Muller argued that the statute and regulations were unconstitutional because:

I. [they] violate Article II § 1 of the Texas Constitution in that they breach the Separation of Powers Doctrine;

II. [they] violate due process/due course of law because they fail to give reasonable notice as to their terms, are vague, and allow unbridled discretion by the scientific director;

III. [they] violate due process/due course of law as they fail to ensure either the accuracy or reliability of an Intoxilyzer evidence (the result) on human defendants;

IV. [they] violate due process/due course of law by failing to require multiple breath tests immediately at and/or after the time of driving in that the present Regulations only provide for a single, post driving, Intoxilyzer result, which is insufficient evidence, as a matter of law, to sustain a conviction under article 67011–1(a)(2)(B), Tex.Rev.Civ.St. Ann., because said singular post driving test creates automatic confusion and inherently misleads a fact finder, e.g., R. 403, Tex.R.Cr.Evid.; and,

V. [they] violate due process/due course of law under both the federal and state constitutional as they do not require preservation of the Defendant's breath specimen.

The trial judge declared the statute and regulations unconstitutional.

In reviewing the constitutionality of a statute, we presume the statute is valid, and that the legislature was not unreasonable or arbitrary when it enacted it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim.App.). The party who attacks the validity of a statute carries the burden of proving that the act is unconstitutional.

*Id.* If a statute is susceptible to more than one construction, we will interpret it to secure the benefit intended by the legislature, and find it constitutional. *Alobaidi v. State*, 433 S.W.2d 440, 442 (Tex.Crim.App. 1968). The Court of Criminal Appeals has stated:

> Every reasonable intendment and presumption will be made in favor of the constitutionality and validity of a statute, until the contrary is clearly shown. The legislature is presumed to have regarded constitutional limitations or requirements in enacting laws, as assiduously as the courts do in construing and applying them. And before a legislative act will be set aside, it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption.

*Granviel*, 561 S.W.2d at 511. The burden on appeal is Muller's. He must convince us that the statute and the regulations are unconstitutional.

The first ground on which the trial court declared the statute and regulations unconstitutional is that they violate the separation of powers doctrine under article II, section 1 of the Texas Constitution. Muller contends article 6701*l*–5, § 3(a) and (b) is a legislative grant of power from the judicial branch to the executive branch (the DPS), to establish, change, or alter the rules of evidence.

■ Muller assumes that the courts promulgate the rules of evidence as part of the power of the judicial branch. That is not the case. The legislature granted the judiciary the power to adopt formal rules of criminal evidence. Until the legislature passed TEX.REV.CIV.STAT.ANN. art. 1811f, § 9 (Vernon Supp.1990), the judiciary had no authority to promulgate rules of evidence. *See* Wellborn, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence; Applicability of the Rules, Procedural Matters and Preserving Error*, 18 ST.MARY'S L.J. 1165, 1169–70 (1987). The power to adopt or amend rules of evidence belongs to the legislature.

■ Muller concedes that the Court of Criminal Appeals has upheld the right of the legislature to delegate rule-making authority to DPS. *See Langford v. State*, 532 S.W.2d 91, 95 (Tex.Crim.App.1976). The legislature has the power to delegate the authority to an administrative agency to issue rules designed to carry out the mandate of the statute. *Id.* at 94. The only authority that the legislature delegated to the DPS in article 6701*l*–5, was to prescribe the rules for certification of breath testing equipment and individuals operating the equipment. The legislature did not delegate any authority to DPS, nor has DPS assumed any, to promulgate rules of evidence.

The trial court erred in holding the statute and regulations were unconstitutional under this ground.

The second ground on which the trial court declared the statute and regulations unconstitutional was that they violate due process because they do not give reasonable notice about their terms, they are vague, and they give the scientific director unbridled discretion. Muller argues that the statute is unconstitutionally vague because it does not define "analysis," it does not provide adequate notice of what "techniques or methods" will be used in the analysis, and it permits the use of unbridled discretion by the scientific director.

To satisfy the due process requirement of specificity, a criminal statute must give the citizens adequate notice of the behavior the State prohibits. *Reeves v. State*, 566 S.W.2d 630, 632 (Tex.Crim.App. [Panel Op.] 1978). The constitution does not impose impossible standards; all it requires is that a criminal statute convey sufficient warning about the proscribed conduct when measured by common understanding and practices. *Id.*

■ Muller was charged with the offense stated under TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1990). This statute prohibits driving while intoxicated. *Ex parte Ross*, 522 S.W.2d 214, 217 (Tex. Crim.App.1975), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); *see also Schultz v. State*, 725 S.W.2d 411,

413 (Tex.App.—Houston [1st Dist.] 1987), *aff'd*, 771 S.W.2d 549 (Tex.Crim.App.1989). The Court of Criminal Appeals has held that terms such as "drunk," "intoxicated," or "under the influence of intoxicating liquors," are nontechnical terms which can be understood in their ordinary sense. *Galan v. State*, 164 Tex.Crim. 521, 301 S.W.2d 141, 143 (1957); *Randolph v. State*, 145 Tex.Crim. 526, 169 S.W.2d 178, 180 (1943). Muller had sufficient notice of what conduct is prohibited.

■ Muller is challenging the constitutionality of article 6701*l*–5, the statute that delegates authority to DPS to issue rules governing the procedures in breath analysis. He argues that the statute and regulations do not provide adequate notice of the certification requirements for breath testing equipment or for the operators of that equipment.

Article 6701*l*–5, unlike penal statutes, does not define an offense. As such, it was not necessary for the legislature to draft it so that it includes fair notice of proscribed behavior, as penal statutes require. *See Langford*, 532 S.W.2d at 94. Instead, the statute's purpose is to prescribe appropriate methods to determine intoxication. *Id.*

■ Muller asserts that the statute and regulations give unbridled discretion upon the scientific director of the DPS. The only authority the statute delegates to the DPS is to prescribe the appropriate rules for breath analysis, certification of the equipment, and those operating it. *Epperson v. State*, 578 S.W.2d 398, 399 (Tex. Crim.App. [Panel Op.] 1979); TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, § 3(b). In *Ex parte Granviel*, the Court of Criminal Appeals held that it was not an unconstitutional delegation of authority to the director of the Texas Department of Corrections to prescribe the appropriate chemical to be used when giving lethal injections. 561 S.W.2d at 513. The court rejected the argument that the delegation of authority was unconstitutional just because the director *could* choose an arbitrary means of enforcement. *Id.* The courts will not presume that the scientific director of the DPS will act in an arbitrary manner without evidence. *Id.*

The trial court erred in holding the statute and regulations were unconstitutional under this ground.

■ The third ground, that the trial court relied on to make a ruling on the constitutionality issue, was that the statute and regulations violate due process because they do not insure that the intoxilizer is scientifically appropriate (i.e. accurate and reliable) for breath testing.

The Texas Administrative Code provides:

(b) In order to be certified each brand and/or model of breath testing instrument must meet the following criteria.

. . . .

(4) The specificity of the procedure shall be adequate and *appropriate for the analyses of breath specimens for the determination of alcohol concentration* in traffic law enforcement.

(5) Any other tests deemed necessary by the scientific director to *correctly and adequately evaluate the instrument to give correct results in routine breath alcohol testing* and be practical and reliable for traffic law enforcement purposes.

Tex.Dep't of Public Safety, 37 TEX.ADMIN. CODE § 19.1(b)(4) & (5) (West 1989) (Breath Testing) (emphasis added). Because the regulations provide that the methods to be used must insure that the test is accurate and appropriate for analyzing human breath, the statute and regulations do not violate due process of law.

The trial court erred in holding the statute and regulations were unconstitutional under this ground.

The fourth ground stated in the trial court's ruling was that the statute and regulations violate due process because they do not require multiple breath tests immediately at or after the time of driving. The court said that one post-driving test result that indicated intoxication, without more, was not sufficient evidence of intoxication as a matter of law. The court also stated that a single post-driving test misleads the fact finder.

In support of this proposition, Muller's motion cited several factors which can affect the reliability of the test: delay; faulty machinery; higher alcohol concentration at the time of the test than while driving; and differing metabolisms resulting in skewed readings.

The proper standard in determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Barron v. State,* 773 S.W.2d 44, 46 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

 The trial court seemed to base its ruling on the sufficiency of the evidence. Yet, neither trial nor appellate courts can rule on the sufficiency of the evidence until all facts have been presented at trial. *See Dean v. State,* 749 S.W.2d 80, 82 (Tex. Crim.App.1988). During the trial on the merits, Muller will have ample opportunity to challenge the factual basis for admission of intoxilyzer evidence. His challenges will go to the weight and sufficiency of the evidence. *Slagle v. State,* 570 S.W.2d 916, 919 (Tex.Crim.App. [Panel Op.] 1978). The time to raise these issues is at trial. The trial court erred in holding the statute and regulations were unconstitutional under this ground.

In the fifth ground for declaring the statute and regulations unconstitutional, the trial court held that they violated due process because they do not require the preservation of Muller's breath specimen. The Court of Criminal Appeals has held that failing to preserve breath samples does not violate the state or federal constitutions. *Turpin v. State,* 606 S.W.2d 907, 917–18 (Tex.Crim.App.1980). The trial court erred in declaring article 6701*l*–5, § 3(a) and (b) unconstitutional.

 In point of error one, the State asserts that the trial court erred in dismissing the second paragraph of the information. The State argues that the trial court erred in dismissing part of the information. The State argues that nothing in the Texas Code of Criminal Procedure permits a judge to dismiss all or part of an information simply because the statute is unconstitutional.

If a statute is unconstitutional, the trial court has the authority to dismiss a paragraph in the information that alleges an offense under that statute. The Texas Code of Criminal Procedure provides:

There is no exception to the substance of an indictment or information except:

. . . .

3. That it contains matter which is a legal defense or bar to the prosecution. . . .

TEX.CODE CRIM.P.ANN. § 27.08 (Vernon 1989). If a court finds that a statute is unconstitutional, such a finding would obviously bar prosecution under that statute.

Here, the paragraph the court struck from the indictment was not based on the statute that the trial court found unconstitutional. The trial court struck the paragraph in reliance on its ruling that article 6701*l*–5, § 3(a) and (b) was unconstitutional. Muller, however, was charged with an offense under article 6701*l*–1(b). To state an offense under article 6701*l*–1(b), it was not necessary that article 6701*l*–5, § 3(a) and (b) be constitutional. The State may prove intoxication not only by showing that the accused had an alcohol concentration of 0.10 or more, but also, by showing that the accused did not have the normal use of his physical or mental faculties by reason of the introduction of alcohol into the body. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2)(A) & (B).

As we said before, Muller did not challenge, and the trial court did not rule, on the constitutionality of article 6701*l*–1(b).

In point of error two, the State asserts the trial court erred in granting the motion to suppress the evidence of the intoxilizer test because neither the statute nor the regulations are unconstitutional. The State argues that, even if it had drafted the information without a paragraph defining intoxication in terms of alcohol concentration, the State could still use the intoxilyzer results as evidence. The State maintains

that because the other paragraph in the information alleged that defendant was "impaired" by alcohol and/or diazepam, any evidence would be probative of guilt.

Muller contends the trial judge could have sustained the motion to suppress on other grounds than the constitutionality of the statute. Muller urges us to uphold the trial court's ruling suppressing the evidence on any other theory except the unconstitutionality of the statute.

In Muller's motion to suppress, the only ground Muller urged was the constitutionality of the statute and regulations. After the trial court ruled the statute and regulations unconstitutional, Muller asked the court to suppress the evidence. The trial court seemed reluctant, but finally gave in, stating:

> I don't want it to get up there [to the court of appeals] and they say I have the right to suppress and not even rule on the constitutional issue, so I am not going to rule on that. Well, maybe I have to for you to be able to appeal. All right. I will suppress the intoxilyzer result. I assume the allegation paragraph can be proven. However, because of the methods in this situation that I happen to know as the result of the intoxilyzer use, I will suppress the results of the intoxilyzer, which is the same thing.

We agree that the trial court suppressed the evidence solely on constitutional grounds. Muller, however, argues that the trial court also based its decision to suppress the evidence on statutory grounds.

After the trial court made its ruling, defense counsel asked the court whether it was granting Muller's motion as to all the bases stated in the motion. The court responded that it was. In Muller's motion, he says in the prayer:

> Said dismissal and suppression is also requested under article 38.23, Tex.C.Cr. Pro.

We must, therefore, address the issue of whether the evidence could also be suppressed under TEX.CODE CRIM.P.ANN. art. 38.23 (Vernon Supp.1990). Article 38.23 states that no evidence shall be admitted if it was obtained in violation of Texas laws.

Muller argues the test record slip is invalid because it did not state the date the test was given, in violation of the DPS regulations. Muller argues that suppression was proper under article 38.23. The record prevents this Court from accepting Muller's proposal. The stipulation of evidence, signed by Muller states:

> I agree that the test was performed according to the regulations for breath testing as promulgated by the Department of Public Safety (D.P.S.) and the test was also done according to the rules as set out in the D.P.S. breath test program operator manual which is to be attached as Exhibit # 2.

Muller stipulated to evidence introduced at the suppression hearing. The evidence included: (1) the State's intoxilyzer test record slip on Muller; (2) the DPS breath testing regulations; and (3) the stipulation of evidence, signed by both Muller and defense counsel.

After Muller stipulated that the intoxilyzer test was "done according to the [DPS regulations and rules]," we cannot say that the evidence was suppressed because it was obtained in violation of Texas laws and regulations. The trial court had this stipulation before it when it ruled on suppression of the evidence. We find, therefore, that the trial court erred if it suppressed the evidence pursuant to article 38.23.

In point of error four, the State argues that the trial court should have awarded reasonable attorney's fees to the State.

 At both the hearing on Muller's motion and in the State's brief, the State alleges that it is entitled to reasonable attorney's fees under TEX.CIV.PRAC. & REM. CODE ANN. § 37.009 (Vernon 1986). This article allows attorney's fees only in declaratory judgment cases. This is not a declaratory judgment case. It is a criminal case, ruling on the constitutionality of a statute. The trial court did not commit error when it refused to allow attorney's fees based on the above civil statute.

We reverse; order the information reinstated; and remand for trial.

O'CONNOR, J., dissenting and concurring.

O'CONNOR, Justice, dissenting and concurring.

On motion for rehearing, Robert A. Muller, appellee, takes us to task for permitting the State of Texas to file an amended notice of appeal eight months after the judgment. After reconsidering the issue, I agree and withdraw the earlier opinion, of which I was the author. I dissent from the new majority opinion on the issue of the notice of appeal and concur in the finding that the statute is constitutional.

The State charged Robert Muller, appellee here and defendant below, with operating a motor vehicle in a public place while intoxicated. Muller filed a motion to strike the paragraph of the information that alleged a .10 alcohol concentration, and to suppress all intoxilyzer evidence. In the motion, Muller contested the constitutionality of TEX.REV.CIV.STAT.ANN. art. 6701l-5, § 3(a) and (b) (Vernon Supp.1990) and the Texas Department of Public Safety's (DPS) Breath Alcohol Testing Regulations (the regulations).

The trial court granted Muller's motion, struck the paragraph, ruled that the regulations and article 6701l-5, § 3(a) and (b) were unconstitutional, and suppressed the evidence. The State filed a notice of appeal to appeal that order on February 17, 1989. The notice said:

Now comes the State of Texas, by and through its District Attorney, John B. Holmes, Jr., pursuant to Tex.Code Crim. Proc. art. 44.01(a)(1) and (a)(5)....

I certify to this Court that this appeal is not taken for the purpose of delay and that the evidence suppressed in this cause is of substantial importance.

/s/ *John B. Holmes, Jr. by* [undecipherable].

At oral argument, the State identified the signature on the notice as that of the first assistant to the district attorney. After argument, the State filed a motion for leave to file an amended notice of appeal, which we granted. The State filed an amended notice of appeal, signed by John B. Holmes, on October 30, 1989. The critical parts of that notice are:

2. The original notice of appeal in this cause was executed by the First Assistant District Attorney on a date that the undersigned John B. Holmes, Jr., the Harris County District Attorney, was out of town. The First Assistant is fully authorized to exercise the functions of the District Attorney in the District Attorney's absence.

3. Counsel for the appellee, Robert A. Muller, recently filed a brief in this Court, challenging for the first time the validity of the notice of appeal in this cause ... The undersigned submits that the First Assistant's signature was adequate and that the appellee should be estopped from challenging the validity of the appeal at this late date but submits this amended notice of appeal out of an abundance of caution.

4. Accordingly, on this the 30th day of October, 1989, the Harris County District Attorney hereby submits amended notice of appeal in this cause, incorporating by reference the content of the original notice of appeal in this cause. This amended notice shall be filed with this Court because this Court presently has jurisdiction, and a duplicate original is being filed in the trial court.

In his original brief and in his motion for rehearing, Muller claims the State did not give proper notice of appeal because an assistant prosecutor signed the notice. Muller contends we have no jurisdiction to consider the State's appeal because the prosecuting attorney did not certify to the trial court that (1) the appeal was not taken for the purpose of delay, and (2) the evidence was of substantial importance in the case.[1]

Muller contends the amendment did not cure the jurisdictional error. Once the State filed a notice of appeal without the signature of the prosecuting attorney, and the time to file a notice of appeal expired,

1. Article 44.01(a)(5), (d) & (i) TEX.CODE CRIM.PROC. ANN. (Vernon Supp.1990) require the prosecuting attorney, and not an assistant, to certify that

(1) the appeal is not take for the purpose of delay; and (2) the evidence is of substantial importance in the case.

Muller argues it was too late to file an amended notice.

The majority deletes the requirement for the prosecuting attorney's signature by finding it "improbable" that the legislature meant what it said. By such finding, the majority dispenses with the need for legal analysis. As an intermediate appellate court, we have no authority to interpret legislation contrary to its express language or re-write it to make it more "probable." *Dickens v. Court of Appeals for Second Supreme Judicial Dist. of Tex.,* 727 S.W.2d 542, 546 (Tex.Cr.App.1987).

## I. The State's notice to appeal

Article 44.01, TEX.CODE CRIM.P.ANN. (Vernon Supp.1990), controls appeals by the State. Relevant subsections are:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

\* \* \* \* \* \*

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and *if the prosecuting attorney certifies* to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

\* \* \* \* \* \*

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

\* \* \* \* \* \*

(h) The Texas Rules of Appellate Procedure apply to a petition by the state to the Court of Criminal Appeals for review of a decision of a court of appeals in a criminal case.

\* \* \* \* \* \*

(i) In this article, *"prosecuting attorney" means* the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and *does not include an assistant prosecuting attorney.*

TEX.CODE CRIM.P.ANN. art. 44.01(a), (d), (h) & (i) (Vernon Supp.1990) (emphasis added).

### A. Notice to appeal the dismissal of the information

Under artilce 44.01(a)(1), the State can appeal the striking of a paragraph of the indictment. The only requirements for appealing the striking of the paragraph of the information is that the State file a notice of appeal signed by the prosecuting attorney within 15 days of the judgment. TEX.CODE CRIM.P.ANN. art. 44.01(a)(1) & (d) (Vernon Supp.1990). In *State v. Barker,* 780 S.W.2d 927, 928 (Tex.App.—Austin 1989, pet. ref'd), the court held that a notice of appeal, signed by the assistant prosecutor and amended by the prosecuting attorney, was sufficient to comply with the requirements of article 44.01(i) for an appeal under article 44.01(a)(1).

Although I have serious reservations about the propriety of the amended notice of appeal given under article 44.01(a)(1), I do not address that issue in this dissent.

### B. Notice to appeal the motion to suppress

Under article 44.01(a)(5), the State can appeal an order suppressing the evidence. Article 44.01(a)(5), like article 44.01(a)(1), requires the State to file a notice of appeal signed by the prosecuting attorney (not the assistant prosecuting attorney) within 15 days of the judgment.

The only difference between the requirements of 44.01(a)(1) and article 44.01(a)(5) is that the legislature created a condition precedent to appeal an order suppressing the evidence: Under article 44.01(a)(5), the State can appeal an order suppressing evidence only *if* the prosecuting attorney (not the assistant prosecuting attorney), *certifies* to the trial court that (1) the appeal was not taken for the purpose of delay, and (2) the evidence was of substantial importance in the case.

We said in our original opinion that the State's appeal was governed by the Texas Rules of Appellate Procedure, citing rule 1, TEX.R.APP.P., and *State v. Demaret*, 764 S.W.2d 857 (Tex.App.—Austin 1989, no pet.). In our analysis, however, we overlooked the rule 2, TEX.R.APP.P., which limits the application of the Rules of Appellate Procedure in criminal cases:

(a) These rules shall not be construed to extend or limit the jurisdiction of the courts of appeals [or] the Court of Criminal Appeals....

(b) [N]othing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

We noted in our original opinion that under rule 46(f), TEX.R.APP.P., which applies to the appeal bond in civil cases, we may allow a party to amend the bond to cure a problem with the bond. We admitted there is no comparable rule that permits the amendment of a notice of appeal in a criminal case. We held, under rule 83, TEX.R.APP.P., we had the authority to permit the State to amend the notice of appeal.

In *Jiles v. State*, 751 S.W.2d 620, 621 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), this Court said we have other options, besides dismissal, when a party fails to file a proper notice of appeal. I beg to differ with this Court on that point. When a court holds there is no jurisdiction, by necessity, there is no other remedy.

In *Jiles*, we also said rule 2, TEX.R. APP.P., gives us the authority to suspend any rule in an appropriate case. Under rule 83, TEX.R.APP.P., we said we could cure any irregularity in appellate procedure, "either of form or substance." Again I disagree with *Jiles*. I do not believe an intermediate appellate court can suspend any rule of procedure. Even if we could, we are not dealing with a rule of procedure. We are dealing with an article of a code enacted by the legislature. The legislature said the State could only appeal a motion to suppress if the prosecuting attorney certified two facts to the trial court, within 15 days of the judgment. "Certify" is defined as "to guarantee as certain; to declare or attest by a formal or legal certificate." THE OXFORD ENGLISH DICTIONARY VOL. II, 1054 (2d ed. 1989). We are not confronted with a mere irregularity in form or substance; we are dealing with jurisdiction, that is, the power to entertain the appeal.

I do not think that the certification required by article 44.01(a)(5), can be made by an assistant prosecuting attorney. When the legislature said the certification must be made by the prosecuting attorney, I think the legislature wanted the prosecuting attorney to guarantee to the trial court in a formal, legal certificate, that (1) the appeal was not taken for the purpose of delay, and (2) the evidence was of substantial importance in the case.

After considering the impact of rules 1 and 2 on rule 83, I would hold that we had no authority to permit the State to amend its notice of appeal eight months after the deadline. Rule 83, a general rule of procedure, cannot suspend a specific statute to the contrary. To permit rule 83 to extend the jurisdiction of the courts of appeals to hear appeals where the prosecuting attorney did not file notice under article 44.-01(a)(5), would violate rule 2, TEX.R.APP.P.

## II. Inconsistency in opinions

The majority acknowledges that the Fourteenth Court of Appeals has held a defendant's oral notice of appeal, made in open court, was not an effective notice of appeal. *Corbett v. State*, 745 S.W.2d 933, 934 (Tex.App.—Houston [14th Dist.] 1988, pet.ref'd). The majority attempts to distinguish *Corbett* from this case by noting that in *Corbett*, no one signed the notice, and here the notice was signed by the assistant prosecutor. At 319. That distinction is not a valid one in light of this Court's holding in Jiles, where this Court held, in a case exactly like *Corbett*, to the contrary: an oral, unsigned notice of appeal was an effective notice of appeal. *Jiles*, 751 S.W.2d at 621. If *Jiles* is any indication, the majority would also hold that an unsigned notice of appeal by the State was effective to invoke jurisdiction.

In *Shute v. State,* 744 S.W.2d 96, 97 (Tex.Crim.App.1988), the Court of Criminal Appeals held that an oral notice of appeal, which was acknowledged in the clerk's records, did not invoke jurisdiction. In spite of this, the Court of Criminal Appeals refused petition in *Jiles,* indicating, if not approval, at least an acceptance of the result of the case. Both *Shute* and *Jiles* cannot be correct: The facts of the two cases are almost exactly alike; only their holdings are different.

| | **Shute** | **Jiles** |
|---|---|---|
| Notice of appeal: | oral | oral |
| | unsigned | unsigned |
| | noted by clerk | noted by clerk |
| Jurisdiction: | no | yes |

In *Shute,* the Court of Criminal Appeals affirmed the unpublished opinion by the Fourteenth Court of Appeals. The opinions in *Shute* and *Jiles,* thus, represent the conflicting views on the requirements for the notice of appeal between the Fourteenth and First Courts of Appeals. These two courts review cases from the same 14 county district. Presently, with this conflict unresolved, the Court of Criminal Appeals has left the courts, the prosecutors, and the defendants in this district without guidance on the jurisdictional requirements for the notice of appeal.

The confusion continues unabated. In *Mullins v. State,* 767 S.W.2d 166, 167–68 (Tex.App.—Houston [1st Dist.] 1988, no pet.), this Court again held that an oral notice of appeal, acknowledged in the judgment, invoked jurisdiction. In *Jones v. State,* 752 S.W.2d 150, 151 (Tex.App.—Dallas 1988, pet.ref'd), the Dallas Court of Appeals held a written but unsigned notice of appeal, invoked jurisdiction. I agree with the dissenters in *Jones,* that *Shute* cannot be distinguished from *Jones.* As stated by Justice McClung in his dissent in *Jones,* to be effective as a notice of appeal, the notice must be, (1) timely filed, (2) in writing, and (3) signed. 752 S.W.2d at 154.

For the State to appeal an order suppressing evidence under article 44.01(a)(5) & (d), there are four requirements for an effective notice of appeal. The State's notice must be:

(1) timely filed;

(2) in writing;

(3) and signed *by the prosecuting attorney* (not the assistant prosecuting attorney),

(4) who shall *certify* to the trial court that:

(a) the appeal was not taken for the purpose of delay; and

(b) the evidence was of substantial importance in the case (emphasis added).

Because the State's notice of appeal was not signed by the prosecuting attorney, and because the prosecuting attorney did not make the article 44.01(a)(5) certification to the trial court until nine months after the judgment, I would hold, under the guidance of *Shute,* the State did not perfect its appeal of the motion to suppress.